**Anabella Hermocinda GRAMAJO DE LEON; Ervin Asismai De Leon, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–72420.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.[*]

Filed Jan. 21, 2009.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esquire, Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Kathryn Deangelis, Thomas J. Gullo, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Anabella Hermocinda Gramajo De Leon and Ervin Asismai De Leon, wife and husband and natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen or to reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and de novo due process challenges, *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). We deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen because the BIA considered the evidence submitted regarding their children and Hurricane Stan's impact on Guatemala and acted within its broad discretion in concluding that the evidence was not material to demonstrating exceptional and extremely unusual hardship. *See* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen "shall not be granted unless it appears to the [BIA] that the evidence sought to be offered is material").

Petitioners' contention that the BIA failed to consider some or all of the evidence they submitted with is unavailing because they have not overcome the presumption that the BIA did review the record. *See Fernandez*, 439 F.3d at 603.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.